Arthur. H Piervincenti, P.A.
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
Email: arthur@lawahp.com
Attorneys for Plaintiff
Our File No.: 116178

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| Bernard L. George, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Radius Global Solutions, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Bernard L. George, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Radius Global Solutions, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of North Carolina.

## PARTIES

5. Plaintiff Bernard L. George is an individual who is a citizen of the State of North Carolina residing in Mecklenburg County, North Carolina.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Radius Global Solutions, LLC, is a Minnesota Limited Liability Company with a principal place of business in Hennepin County, Minnesota.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. e *U.S. v. Natl. Fin. Services, Inc.,* 98 F.3d 131 (4th Cir. 1996)).

16. To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Penn v. Cumberland*, 883 F. Supp. 2d 581, 586 (E.D. Va. 2012) quoting *DeSantis v. Computer Credit, Inc.,* 269 F.3d 159, 161 (2d Cir. 2001).

17. In order for consumers to vindicate their rights under the statute, the FDCPA

"grants a private right of action to a consumer who receives a communication that violates the Act." 15 U.S.C. § 1692k(d); *Wilson v. PNC Bank, N.A.*, 5:08-CV-388-H(3), 2009 WL 8729574, at *2 (E.D.N.C. July 15, 2009), *aff'd,* 381 Fed. Appx. 286 (4th Cir. 2010)(unpublished)

18. The FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others. *Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385, 393 (4th Cir. 2014)

19. Whether a communication is false, misleading, or deceptive in violation of FDCPA is determined from the vantage of the "least sophisticated consumer." *United States v. Nat'l Fin. Servs., Inc.,* 98 F.3d 131, 136 (4th Cir.1996). The least-sophisticated-consumer test is an objective standard that evaluates the FDCPA based upon how the least sophisticated consumer would interpret the allegedly offensive language. *Russell v. Absolute Collection Services, Inc.*, 763 F.3d 385, 394–95 (4th Cir. 2014)

20. The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question.

21. It is not necessary for a consumer to show that he or she was confused by the communication received.

22. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA.

23. Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Nat'l Fin. Serv., Inc.,* 98 F.3d 131, 136 (4th Cir. 1996) (*quoting Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir.1993)).

24. "A court must consider whether the communication in question reasonably can be viewed as being deceptive or misleading. *See Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996) (holding that a collection notice violated § 1692e when it *208 "was reasonably susceptible to an inaccurate reading")." *Ramsay v. Sawyer Prop. Mgt. of Maryland LLC*, 593 Fed. Appx. 204, 207–08 (4th Cir. 2014)(unpublished)

25. A collection letter violates the FDCPA if it would make the least sophisticated

3
Case 3:19-cv-00540-RJC-DSC    Document 1    Filed 10/16/19    Page 3 of 9

consumer uncertain as to his or her rights.

26. To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. "The FDCPA is a strict liability statute…" *McLean v. Ray*, 488 Fed. Appx. 677, 682 (4th Cir. 2012)(unpublished)

## ALLEGATIONS SPECIFIC TO PLAINTIFF

27. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

28. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

29. The alleged Debt does not arise from any business enterprise of Plaintiff.

30. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

32. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

33. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated October 17, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

34. The Letter conveyed information regarding the alleged Debt.

35. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

36. The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

37. The Letter was received and read by Plaintiff.

38. 15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

39. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

40. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), 1692e and 1692e(10)

41. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

42. 15 U.S.C. § 1692g(a) provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

43. 15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

44. 15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

45. 15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

48. The Letter was the initial communication that Plaintiff received from Defendant.

49. The Letter does not contain the required validation notice.

50. The Letter does not contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt

will be assumed to be valid by the debt collector, in violation of 15 U.S.C. § 1692g(a)(3).

51. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that they would not be able dispute the validity of the debt, or any portion thereof, before the debt would be assumed to be valid by the debt collector; and therefore, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

52. The Letter does not contain a statement that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and therefore, in violation of 15 U.S.C. § 1692g(a)(4).

53. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that they were not entitled to obtain verification of the alleged Debt or a copy of a judgment against the consumer and that a copy of such verification or judgment would be mailed to the consumer by the debt collector; and therefore, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

54. The Letter does not contain a statement that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor; and therefore, in violation of 15 U.S.C. § 1692g(a)(5).

55. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that they were not entitled to the name and address of the original creditor, if different from the current creditor; and therefore, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

56. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), 1692e and 1692e(10).

## SECOND COUNT
## Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10)

57. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

58. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

60. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

61. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate.

62. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

63. The Letter states, "Settle your account for $4,123.92 in 3 payments starting on 11/07/18."

64. The Letter fails to state whether the settlement payment must be sent by the consumer, or received by the Defendant, by the stated deadline in order to accept the settlement offer.

65. Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively.

66. The Letter can be interpreted by least sophisticated consumer to mean that such payment must be mailed to the Defendant by the stated deadline in order to accept the settlement offer.

67. The Letter can also be interpreted by least sophisticated consumer to mean that such payment must be received by the Defendant by the stated deadline in order to accept the settlement offer.

68. The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer.

69. As a result of the foregoing, in the eyes of the least sophisticated consumer, the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

70. Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

71. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

72. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

73. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of North Carolina.

74. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

75. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

76. The Class consists of more than thirty-five persons.

77. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

78. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

79. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under

consumer protection laws.

## JURY DEMAND

80. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: October 11, 2019

Arthur. H Piervincenti, P.A.

s/ Arthur. H Piervincenti
631-300 Brawley School Rd. PMB # 225
Mooresville, NC 28117
arthur@lawahp.com
*Attorneys for Plaintiff*

David M. Barshay, Esq.
(Pro Hac Vice to be submitted)
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*